Eduardo GOMEZ–LEAL;  Maria
Leticia Gomez, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–74409.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 09, 2006.

Eduardo Gomez–Leal, Santa Ana, CA,
pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maria Leticia Gomez, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Eduardo Gomez–Leal and Maria Leticia Gomez, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny in part, dismiss in part, and grant in part the petition for review, and remand for further proceedings.

▮ Petitioners' equal protection challenge to the constitutionality of the Nicaraguan Adjustment and Central American Relief Act is foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002). Their due process contentions fail because petitioners do not show prejudice. *See Cano–Merida*, 311 F.3d at 965. We are also not persuaded that the removal of the petitioners would result in the deprivation of their children's rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir.2005).

▮ As to petitioner Eduardo Gomez–Leal only, we lack jurisdiction to review the agency's determination that he did not demonstrate the requisite hardship. *See* 8 U.S.C. § 1252(a)(2)(B)(i). Accordingly, we dismiss petitioners' contentions concerning the hardship determination.

▮ As to petitioner Maria Gomez only, an intervening change in the law requires us to remand the case. The IJ did not give her an opportunity to testify regarding the circumstances of her 1995 departure and it is therefore not possible to determine whether her departure was knowing, voluntary, under threat of deportation, or at or near a border. In *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 619 (9th Cir.2006), we held that voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of and accepts the terms of the deportation. In *Tapia v. Gonzales*, 430 F.3d 997, 1004 (9th Cir.2005), we held that a border turnaround does not necessarily interrupt the continuity of an alien's physical presence in the United States. Accordingly, we grant the petition for review as to petitioner Maria Gomez and remand for further proceedings consistent with *Ibarra–Flores* and *Tapia*.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part, and GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.